**BMB LAW FIRM, P.C.**
Attorney I.D. 007292005
60 Park Place, Suite 606
Newark, New Jersey 07102
T: (973) 693-4444
F: (973) 693-4441
Attorneys for Plaintiff, Michael Rivera

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL RIVERA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF NEWARK; NEWARK POLICE DEPARTMENT; NEWARK POLICE OFFICER D. MILLER, Shield Number 0517; NEWARK POLICE OFFICER "FNU" De BIASE, Shield Number, Unknown; NEWARK POLICE OFFICER "FNU" FERMIN, Shield Number, Unknown; JOHN DOES 1-10; and ABC PUBLIC ENTITIES (being fictitious names of as yet unidentified parties),<br><br>    Defendants. | CASE NO.:<br><br>**<u>CIVIL ACTION</u>**<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

Plaintiff, Michael Rivera, by and through undersigned counsel, and files this Complaint and sues Defendants, and alleges as follows:

**<u>JURISDICTIONAL STATEMENT AND PARTIES</u>**

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

1

2. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331 in that this is an action to redress violations of Plaintiff's federally protected Constitutional rights.

3. At all times material hereto, Plaintiff, Michael Rivera, is and was a permanent legal resident of the United States, and a resident of Essex County, New Jersey.

4. Defendant Officer D. Miller ("Miller") was at all times relevant acting under color of state law as an active and duly appointed Newark police officer, and in such capacity, as the agent, servant, and employee of Defendant, City of Newark.

5. Defendant Detective "FNU" De Biase ("De Biase") was at all times relevant acting under color of state law as an active and duly appointed Newark police officer, and in such capacity, as the agent, servant, and employee of Defendant, City of Newark.

6. Defendant Officer "FNU" Fermin ("Fermin") was at all times relevant acting under color of state law as an active and duly appointed Newark police officer, and in such capacity, as the agent, servant, and employee of Defendant, City of Newark.

7. Defendant, City of Newark ("City"), is a political subdivision of the State of New Jersey, a New Jersey municipal corporation, and at all times material hereto, acted through its agents, employees, and servants, Including Defendants Miller, De Biase, and Fermin.

8. Defendant, Newark Police Department ("NPD"), is and was at all times material herein, an agency or department of Defendant City, charged with and responsible for enforcing and upholding the laws of the State of New Jersey, and is the agency which directly employed, controlled and supervised defendant police officers.

9. John Does 1-10, are fictitious names for persons unknown at this time but will be

substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a defendant in each and every count listed below. John Does are supervisors, employees, managers, agents, assigns and heirs of the City of Newark, and or other individuals unnamed who participated in any conduct concerning the excessive force used against the Plaintiff.

10. ABC Public Entities 1-10, are fictitious names for entities unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a defendant in each and every count listed below. ABC Public Entities are public entities whose custom, policy or practice contributed to the excessive force used against the Plaintiff.

11. The acts and practices constituting the violations alleged below have all occurred within the City of Newark, which is properly within the jurisdiction of the United States District Court in and for the District of New Jersey. Venue in the District of New Jersey, Newark Division, is proper because the incident which is the subject of this lawsuit occurred in Essex County, New Jersey. See 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

12. Plaintiff complied with the Notice of Claim provisions of the New Jersey Tort Claims Act, more than six (6) months have elapsed since the claim was received, this suit be being commenced within two years of the claim, and there has been no valid settlement of this claim.

13. Plaintiff has retained BMB Law Firm, P.C. to represent his interests in prosecuting this action, and said law firm is entitled to its reasonable attorneys' fees and costs incurred in connection therewith.

14. All defendants are sued in their individual and official capacity.

## STATEMENT OF FACTS

15. At all times material hereto, the subject incident arises out of Defendants Miller, De Biase and Fermin's brutal assault and battery of Plaintiff resulting in serious personal injuries to said Plaintiff which occurred at the Raymond West Plaza of Newark Pennsylvania Station, located at 1 Penn Plaza East, Newark, New Jersey.

16. Specifically, on or about August 29, 2014, the Plaintiff was arrested by Defendant City officers on allegations involving his refusal to cooperate during police investigation into a child abuse incident.

17. Upon allegedly receiving an anonymous call stating a black female traveling with a male subject with an infant in a stroller punched a toddler in the face several times on Raymond Plaza West near Penn Station, Defendant City officers Miller, De Biase and Fermin (collectively as "defendant officers") confronted Plaintiff and began asking questions regarding said call.

18. At all relevant times, Plaintiff was cooperative and responsive to questioning by the Defendant Officers. He stated that he was with his wife and mother of his children, Evelyn Hoover-Rivera ("Ms. Hoover-Rivera"), and indicated that she left to use the restroom inside of Penn Station.

19. At some point, Ms. Hoover-Rivera returned and provided Defendant Officers with her identification. Defendant Officers then asked Plaintiff for his identification.

20. In response, Plaintiff calmly asked the officers why they needed his identification.

21. Nearly seconds later, all three Defendant Officers grabbed the Plaintiff by the arms, and then proceeded to violently throw the Plaintiff to the pavement yelling to him that he was under arrest.

22. Once on the floor, the Defendant Officers proceeded to strike the Plaintiff repeatedly

in the face, rendering him unconscious.

23. After being brutally beaten, Plaintiff was subsequently forced into a patrol car, where he was subjected to the indignities of being arrested. Plaintiff was further humiliated when he was fingerprinted, processed as a common criminal, placed in a holding cell, and later released.

24. Upon information and belief, Plaintiff was arbitrarily, illegally, reprehensibly, with total malice aforethought, charged, under penalties of perjury, in a Criminal Complaint in the Municipal Court of the State of New Jersey, Essex County with the disorderly persons offenses of Obstruction, in violation of N.J.S.A. 2C:29-1A; Resisting Arrest, in violation of 2C:29-2A; and, Disorderly Conduct, in violation of 2C:33-2A(1).

25. As a result of his wrongful incarceration, Plaintiff was deprived of his basic liberties and freedoms as a United States Citizen.

26. During the period of his illegal and impermissible detention and incarceration, Plaintiff was wrongly confined to a jail cell where Plaintiff suffered extreme physical and emotional distress.

27. The threat of being convicted of a criminal offense and facing incarceration for charges which were a figment of the malicious imagination of defendants, and each of them, caused Plaintiff to suffer emotional stress, anxiety, fear and psychological disturbance.

28. Plaintiff at no time committed the offenses for which he was charged on August 29, 2014. He was totally innocent of the charges for which he was illegally, impermissibly, and reprehensibly subjected to by the false, perjurious acts of the Defendant Officers, and all of them.

29. Plaintiff was not at constitutional liberty from the time of his initial illegal arrest on August 29, 2014.

30. Plaintiff was humiliated and embarrassed by the legal proceedings which were public, known to friends, family, acquaintances, business associates, and neighbors.

31. Plaintiff incurred additional damages when he was denied potential employment as a home healthcare aid during the time he was incarcerated and thereafter.

32. All the said criminal charges were dismissed in favor of Plaintiff when Plaintiff was exonerated after a public trial.

### Additional Facts Surrounding Liability

33. Newark Police Department ("NPD") is an administrative subdivision of Defendant City. Defendant City, acting through its Mayor, City Commission and City Manager, is the ultimate policymaking authority for all officially-adopted policies and procedures implemented by employees of NPD, including Defendant officers. Further, it is the entity legally responsible for the hiring, retention, supervision, and training of employees of the NPD, as well as administering any discipline to said employees.

34. On information and belief, Defendant City delegates to the Chief of Police of the NPD the authority to develop, direct, and implement policies for all sworn law enforcement officers, compiled in part in the Newark Standard Operating Procedures Manual, which set forth purported "guidelines" controlling the interaction between NPD law enforcement officers (including Defendant officers) and the general public.

35. Defendant City has been placed on notice that there is a pervasive and systemic pattern, custom and practice within NPD to use excessive force by rendering vicious beatings to members of the general public -- even those who do not resist arrest, including innocent bystanders and those accused of minor criminal infractions -- and to make great efforts to use such excessive

force outside the view of third-party witnesses, and frequently while the person detained is subdued, restrained, or otherwise still in handcuffs. False police reports are rendered, and charges are pursued against the victims of these unconstitutional beatings but then later are dropped in an effort to intimidate the victims. Finally, the investigations into such allegations of excessive force are almost always a virtual whitewash, as NPD officers are rarely if ever punished for such conduct even when investigations reveal conduct that requires action to be undertaken against the officer(s) involved to prevent such occurrences in the future. (See "DOJ Report," attached hereto).

36. Specifically, the notice to the City of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports.

37. Thus, Defendant City is also on notice of the fact a systemic and pervasive pattern and practice of excessive force exists within the NPD and that members of the citizenry are the victims of excessive force committed by police officers of the Defendant City in violation of the Fourth Amendment. Defendant City police officers are allowed and indeed encouraged to commit excessive force with impunity knowing that no discipline, much less meaningful discipline, will follow for acts of excessive force. Such illegal conduct is ratified and condoned by the Defendant City.

38. Defendant Officers are comfortable in the knowledge that any acts of excessive force that he commits will not result in discipline by the Defendant City even when the act of excessive force occurs within NPD. Thus, the lack of discipline for excessive force allowed Defendant Officers to commit excessive force against the Plaintiff because Defendant Officers knew that there would be no official reprisals for his actions against Plaintiff.

39.     Specifically, the notice to the County of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports.

## COUNT I – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (AGAINST DEFENDANT MILLER)

40.     Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 39 as if set forth fully herein, and further states as follows:

41.     This cause of action is brought by Plaintiff against Defendant Miller for his use of excessive force under color of law which deprived Plaintiff of his constitutionally protected rights under the Fourth Amendment to the United States Constitution.

42.     At all times material, Plaintiff had the constitutional right to be free from the use of excessive force against his person and to be free from unlawful searches and seizures.

43.     Defendant Miller violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary in violation of his rights under the Fourth Amendment to the United States Constitution.

44.     Defendant Miller, while acting in his capacity as a police officer for Defendant City and under the color of law, did intentionally use excessive force by forcefully and violently throwing the Plaintiff to the pavement and then proceeding to strike the Plaintiff in the face repeatedly, rendering him unconscious.

45.     Defendant Miller, while acting in his capacity as a police officer for Defendant City and under the color of law, did intentionally engage in an unlawful search and seizure by his conduct toward the Plaintiff.

46. As a direct and proximate result of the illegal acts of Defendant Miller, Plaintiff has in the past and will continue to receive medical treatment for the injuries sustained to his right knee.

47. As a direct and proximate result of the illegal acts of Defendant Miller, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

48. The acts of Defendant Miller as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief against Defendant:

    a. An award of compensatory damages;

    b. An award of punitive damages;

    c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    d. An award of such other and further relief the Court deems just and appropriate.

### COUNT II – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (AGAINST DEFENDANT De BIASE)

49. Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 48 as if set forth fully herein, and further states as follows:

50. This cause of action is brought by Plaintiff against Defendant De Biase for his use of excessive force under color of law which deprived Plaintiff of his constitutionally protected rights under the Fourth Amendment to the United States Constitution.

51. At all times material, Plaintiff had the constitutional right to be free from the use of excessive force against his person and to be free from unlawful searches and seizures.

52. Defendant De Biase violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary in violation of his rights under the Fourth Amendment to the United States Constitution.

53. Defendant De Biase, while acting in his capacity as a police officer for Defendant City and under the color of law, did intentionally use excessive force by forcefully and violently throwing the Plaintiff to the pavement and then proceeding to strike the Plaintiff in the face repeatedly, rendering him unconscious.

54. Defendant De Biase, while acting in his capacity as a police officer for Defendant City and under the color of law, did intentionally engage in an unlawful search and seizure by his conduct toward the Plaintiff.

55. As a direct and proximate result of the illegal acts of Defendant De Biase, Plaintiff has in the past and will continue into the future receive medical treatment for the injuries sustained to his right knee.

56. As a direct and proximate result of the illegal acts of Defendant De Biase, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

57. The acts of Defendant De Biase as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a. An award of compensatory damages;

b. An award of punitive damages;

c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d.  An award of such other and further relief the Court deems just and appropriate.

## COUNT III – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (AGAINST DEFENDANT FERMIN)

58. Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 57 as if set forth fully herein, and further states as follows:

59. This cause of action is brought by Plaintiff against Defendant Fermin for his use of excessive force under color of law which deprived Plaintiff of his constitutionally protected rights under the Fourth Amendment to the United States Constitution.

60. At all times material, Plaintiff had the constitutional right to be free from the use of excessive force against his person and to be free from unlawful searches and seizures.

61. Defendant Fermin violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary in violation of his rights under the Fourth Amendment to the United States Constitution.

62. Defendant Fermin, while acting in his capacity as a sheriff's officer for Defendant County and under the color of law, did intentionally use excessive force by forcefully and violently throwing the Plaintiff to the pavement and then proceeding to strike the Plaintiff in the face repeatedly, rendering him unconscious.

63. Defendant Fermin, while acting in his capacity as a sheriff's officer for Defendant County and under the color of law, did intentionally engage in an unlawful search and seizure by his conduct toward the Plaintiff.

64. As a direct and proximate result of the illegal acts of Defendant Fermin, Plaintiff has in the past and will continue into the future receive medical treatment for the injuries sustained to his right knee.

65. As a direct and proximate result of the illegal acts of Defendant Fermin, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

66. The acts of Defendant Fermin as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a. An award of compensatory damages;

b. An award of punitive damages;

c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d. An award of such other and further relief the Court deems just and appropriate.

### COUNT IV – 42 U.S.C. § 1983 – EXCESSIVE FORCE (AGAINST DEFENDANT CITY)

67. Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 66 as if set forth fully herein, and further states as follows:

68. This cause of action is brought by Plaintiff against Defendant City for deprivation by its agent, servant, and employee, namely Defendant Officers, of constitutional rights within the meaning of 42 U.S.C. § 1983 in violation of the Fourth Amendment to the United States Constitution.

69. Defendant Officers were acting under the color of law, as authorized agents of

Defendant City, while arresting Plaintiff in the furtherance of his duties.

70. The constitutional deprivation was caused by Defendant City's numerous areas of deliberate indifference.

71. Moreover, at all times material hereto, Defendant City was responsible for implementing the rules and regulations in regard to hiring, retaining, screening, training, supervising, controlling, disciplining and assigning NPD police officers to their duties in the City of Newark.

72. Defendant City was deliberately indifferent in that it either expressly or impliedly acknowledged and assented to the failure to hire, retain, screen, train, supervise, control, discipline, and otherwise assign employees of Defendant working as NPD officers, including but not limited to Defendant Officers, for dangerous propensities, lack of training and skill, and other identifiable characteristics making said NPD officers unfit to perform their lawful duties.

73. Defendant City was deliberately indifferent to the rights of the public, including the Plaintiff, in that it failed to determine whether members of the NPD, including Defendant Officers, posed a threat to the public as a result of their propensity to commit unlawful acts and to engage in violent activity, including acts of excessive force.

74. Defendant City, through its deliberate indifference, failed to ensure that NPD officers, including Defendants Officers, did not violate the constitutional and statutory rights of citizens of the State of New Jersey, including the Plaintiff, while said NPD officers were acting under color of state law for Defendant City.

75. The deliberate indifference of Defendant City exhibited a reckless, wanton, and callous disregard for the rights of persons, including the Plaintiff, who might be brutally assaulted, injured, battered or otherwise maimed for life by NPD officers, including Defendants Officers, who

were inadequately trained, supervised, and disciplined.

76. Defendant City was deliberately indifferent in the selection, retaining, training, and supervising of Defendant Officers, as NPD officers in that Defendant City: (a) hired and retained Defendants when Defendant City knew, or in the exercise of reasonable care should have known, of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; (b) failed to remove Defendants from their position of authority as NPD officer despite the fact it knew or should have known of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; (c) failed to take any meaningful disciplinary action against Defendants despite the fact it knew or should have known of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; and (d) failed to protect members of the general public, including the Plaintiff, despite the fact it knew or should have known of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein.

77. Additionally, the cited misconduct represents a pattern, custom and practice in which members of the public were savagely beaten, injured, and otherwise endangered by the intentional and reckless misconduct of NPD officers, and that deliberate indifference was widespread as to the use of excessive force, illegal behavior, and widespread incompetence throughout Defendant City including the NPD. This pattern, custom, and practice includes not only the failure to identify and discipline the unlawful and excessive use of force and seizures by NPD personnel, but additionally, the failure to re-train, supervise, or otherwise remove NPD officers who engage in such unlawful conduct as the de facto policy and custom of Defendant City to tolerate, encourage, and even protect

such acts by HPD officers.

78. The deliberate indifference of the Defendant City violated the constitutional rights of its citizenry, including the Plaintiff, for which 42 U.S.C. § 1983 provides the appropriate remedies as requested herein.

79. As a direct and proximate result of the illegal acts of Defendant Officers, while Defendants were an agent, servant, and employee of Defendant City, and the unconstitutional policies, customs and practices of Defendant City, Plaintiff has been damaged, including but not limited to physical injuries as well as emotional distress which were caused, activated or otherwise aggravated by the subject incident, and Plaintiff shall incur further medical losses and impairments in the future as a direct and proximate result of the illegal acts of Defendant Officers.

80. As a direct and proximate result of the illegal acts of Defendant Officers, while Defendants were an agent, servant, and employee of Defendant City, and the unconstitutional policies, customs and practices of Defendant City, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands the following relief against Defendant City:

a. An award of compensatory damages;

b. An award of punitive damages;

c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d. An award of such other and further relief the Court deems just and appropriate.

## COUNT V – 42 U.S.C. § 1985 – CONSPIRACY TO VIOLATE CIVIL RIGHTS
## (AGAINST ALL DEFENDANTS)

81. Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 80 as if set forth fully herein, and further states as follows:

82. The acts of Defendant Officers as well as Defendants NPD and City constitute a violation of the Civil Rights Act, 42 U.S.C. § 1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race, and maliciously prosecuting Plaintiff without cause.

83. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe physical and emotional distress and mental anguish as well as deprivation of rights under the Civil Rights laws.

## COUNT VI – STATE TORT OF BATTERY
## (AGAINST DEFENDANT OFFICERS)

94. Plaintiff re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 84 as if set forth fully herein, and further states as follows

95. Plaintiff was arrested by Defendant Officers who did unlawfully batter, touch, and strike Plaintiff without his consent and against his will.

96. As a direct and proximate result of said acts of Defendant Officers, Plaintiff has been damaged, including but not limited to permanent physical injuries which were caused, activated or otherwise aggravated by the subject incident.

97. As a direct and proximate result of said acts of Defendant Officers, Plaintiff has undergone painful and extensive medical care and treatment; and has incurred medical bills and expenses attendant to his aforesaid injuries.

98. As a direct and proximate result of said acts of Defendant Officers, Plaintiff has in the

past and will in the future suffer great pain and suffering, both physical and mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a. An award of compensatory damages;

b. An award of punitive damages;

c. An award of attorneys' fees and costs; and

d. An award of such other and further relief the Court deems just and appropriate.

### COUNT VII – STATE TORT OF BATTERY
### (AGAINST DEFENDANT CITY)

99. Plaintiff, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 98 as if set forth fully herein, and further states as follows

100. Plaintiff was arrested by Defendants Officers who did unlawfully batter, touch, and strike Plaintiff without his consent and against his will.

101. Defendants Officers were acting in the course and scope of their duties as an agent, servant, and employee of Defendant City.

102. As a direct and proximate result of said acts of Defendants Officers for which Defendant City is responsible, Plaintiff has been damaged, including but not limited to permanent physical injuries which were caused, activated or otherwise aggravated by the subject incident.

103. As a direct and proximate result of said acts of Defendants Officers , for which Defendant City is responsible, Plaintiff has undergone painful and extensive medical care and treatment; and has incurred medical bills and expenses attendant to his aforesaid injuries.

104. As a direct and proximate result of said acts of Defendant Officers, for which

Defendant City is responsible, Plaintiff has in the past and will in the future suffer great pain and suffering, both physical and mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a. An award of compensatory damages;

b. An award of punitive damages;

c. An award of attorneys' fees and costs; and

d. An award of such other and further relief the Court deems just and appropriate

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against the Defendants, including but not limited to:

105. An award of compensatory damages and punitive damages against Defendants; for his personal injuries; pain and suffering; past, present and future medical expenses; mental anguish; loss of earning capacity; and loss of capacity to enjoy life; as well as his costs, and all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable under the law.

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

/s/ Brooke M. Barnett
Brooke M. Barnett, Esq.
Attorney for Plaintiff Michael Rivera

Dated: 6/29/2016

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on August 29, 2016, we electronically filed the foregoing with the Clerk of the Court using CM/ECF. We also certify that the foregoing document will be served on all parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted


By: /s/ Brooke M. Barnett, Esq.