**BMB LAW FIRM, P.C.**
Attorney I.D. 007292005
60 Park Place, Suite 606
Newark, New Jersey 07102
T: (973) 693-4444
F: (973) 693-4441
Attorneys for Plaintiff, Michael Rivera

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL RIVERA,<br><br>     Plaintiff,<br><br>vs.<br><br>NEW JERSEY TRANSIT; NEW JERSEY TRANSIT POLICE DEPARTMENT; NEW JERSEY TRANSIT POLICE OFFICER D. MILLER, Shield Number 0517; NEW JERSEY TRANSIT POLICE OFFICER "FNU" De BIASE, Shield Number, Unknown; NEW JERSEY TRANSIT POLICE OFFICER "FNU" FERMIN, Shield Number, Unknown; JOHN DOES 1-10; and ABC PUBLIC ENTITIES (being fictitious names of as yet unidentified parties),<br><br>     Defendants. | CASE NO.: 2:16-cv-05308-SDW-LDW<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED COMPLAINT** |

**COMPLAINT**

  Plaintiff, Michael Rivera, by and through undersigned counsel, and files this Complaint and sues Defendants, and alleges as follows:

**JURISDICTIONAL STATEMENT AND PARTIES**

  1.  This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth

and Fourteenth Amendments to the United States Constitution.

2.     The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331 in that this is an action to redress violations of Plaintiff's federally protected Constitutional rights.

3.     At all times material hereto, Plaintiff, Michael Rivera, is and was a permanent legal resident of the United States, and a resident of Essex County, New Jersey.

4.     Defendant Officer D. Miller ("Miller") was at all times relevant acting under color of state law as an active and duly appointed New Jersey Transit police officer, and in such capacity, as the agent, servant, and employee of Defendant, New Jersey Transit.

5.     Defendant Detective "FNU" De Biase ("De Biase") was at all times relevant acting under color of state law as an active and duly appointed New Jersey Transit police officer, and in such capacity, as the agent, servant, and employee of Defendant, New Jersey Transit.

6.     Defendant Officer "FNU" Fermin ("Fermin") was at all times relevant acting under color of state law as an active and duly appointed Newark police officer, and in such capacity, as the agent, servant, and employee of Defendant, New Jersey Transit.

7.     Defendant, New Jersey Transit ("NJT"), is a municipal corporation of the State of New Jersey, a New Jersey corporation, and at all times material hereto, acted through its agents, employees, and servants, including defendants, Miller DeBaise and Fermin.

8.     Defendant, New Jersey Transit Police Department ("NJTP"), is and was at all times material herein, an agency or department of the State of New Jersey, charged with and responsible for enforcing and upholding the laws of the State of New Jersey, and is the agency which directly employed, controlled and supervised defendant police officers.

9.      John Does 1-10, are fictitious names for persons unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a defendant in each and every count listed below. John Does are supervisors, employees, managers, agents, assigns and heirs of the City of Newark, and or other individuals unnamed who participated in any conduct concerning the excessive force used against the Plaintiff.

10.      ABC Public Entities 1-10, are fictitious names for entities unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a defendant in each and every count listed below. ABC Public Entities are public entities whose custom, policy or practice contributed to the excessive force used against the Plaintiff.

11.      The acts and practices constituting the violations alleged below have all occurred within the City of Newark, which is properly within the jurisdiction of the United States District Court in and for the District of New Jersey.  Venue in the District of New Jersey, Newark Division, is proper because the incident which is the subject of this lawsuit occurred in Essex County, New Jersey.  See 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

12.      Plaintiff complied with the Notice of Claim provisions of the New Jersey Tort Claims Act, more than six (6) months have elapsed since the claim was received, this suit be being commenced within two years of the claim, and there has been no valid settlement of this claim.

13.      Plaintiff has retained BMB Law Firm, P.C. to represent his interests in prosecuting this action, and said law firm is entitled to its reasonable attorneys' fees and costs incurred in connection therewith.

14.     All defendants are sued in their individual and official capacity.

## STATEMENT OF FACTS

15.     At all times material hereto, the subject incident arises out of Defendants Miller, De Biase and Fermin's brutal assault and battery of Plaintiff resulting in serious personal injuries to said Plaintiff which occurred at the Raymond West Plaza of Newark Pennsylvania Station, located at 1 Penn Plaza East, Newark, New Jersey.

16.     Specifically, on or about August 29, 2014, the Plaintiff was arrested by Defendant New Jersey Transit officers on allegations involving his refusal to cooperate during police investigation into a child abuse incident.

17.     Upon allegedly receiving an anonymous call stating a black female traveling with a male subject with an infant in a stroller punched a toddler in the face several times on Raymond Plaza West near Penn Station, Defendant New Jersey Transit officers Miller, De Biase and Fermin (collectively as "defendant officers") confronted Plaintiff and began asking questions regarding said call.

18.     At all relevant times, Plaintiff was cooperative and responsive to questioning by the Defendant Officers. He stated that he was with his wife and mother of his children, Evelyn Hoover-Rivera ("Ms. Hoover-Rivera"), and indicated that she left to use the restroom inside of Penn Station.

19.     At some point, Ms. Hoover-Rivera returned and provided Defendant Officers with her identification. Defendant Officers then asked Plaintiff for his identification.

20.     In response, Plaintiff calmly asked the officers why they needed his identification.

21.     Nearly seconds later, all three Defendant Officers grabbed the Plaintiff by the arms, and then proceeded to violently throw the Plaintiff to the pavement yelling to him that he was under

4

arrest.

22.     Once on the floor, the Defendant Officers proceeded to strike the Plaintiff repeatedly in the face, rendering him unconscious.

23.     After being brutally beaten, Plaintiff was subsequently forced into a patrol car, where he was subjected to the indignities of being arrested. Plaintiff was further humiliated when he was fingerprinted, processed as a common criminal, placed in a holding cell, and later released by the Newark Police Department.

24.     Upon information and belief, Plaintiff was arbitrarily, illegally, reprehensibly, with total malice aforethought, charged, under penalties of perjury, in a Criminal Complaint in the Municipal Court of the State of New Jersey, Essex County with the disorderly persons offenses of Obstruction, in violation of N.J.S.A. 2C:29-1A; Resisting Arrest, in violation of 2C:29-2A; and, Disorderly Conduct, in violation of 2C:33-2A(1).

25.     As a result of his wrongful incarceration, Plaintiff was deprived of his basic liberties and freedoms as a United States Citizen.

26.     During the period of his illegal and impermissible detention and incarceration, Plaintiff was wrongly confined to a jail cell where Plaintiff suffered extreme physical and emotional distress.

27.     The threat of being convicted of a criminal offense and facing incarceration for charges which were a figment of the malicious imagination of defendants, and each of them, caused Plaintiff to suffer emotional stress, anxiety, fear and psychological disturbance.

28.     Plaintiff at no time committed the offenses for which he was charged on August 29, 2014. He was totally innocent of the charges for which he was illegally, impermissibly, and

reprehensibly subjected to by the false, perjurious acts of the Defendant Officers, and all of them.

29.   Plaintiff was not at constitutional liberty from the time of his initial illegal arrest on August 29, 2014.

30.   Plaintiff was humiliated and embarrassed by the legal proceedings which were public, known to friends, family, acquaintances, business associates, and neighbors.

31.   Plaintiff incurred additional damages when he was denied potential employment as a home healthcare aid during the time he was incarcerated and thereafter.

32.   All the said criminal charges were dismissed in favor of Plaintiff when Plaintiff was exonerated after a public trial.

### Additional Facts Surrounding Liability

33.   New Jersey Transit Police ("NJTP") is an administrative subdivision of the State of New Jersey.  The State of New Jersey, acting through the Governor and Legislature, is the ultimate policymaking authority for all officially-adopted policies and procedures implemented by employees of NJTP, including Defendant officers. Further, it is the entity legally responsible for the hiring, retention, supervision, and training of employees of the NJTP, as well as administering any discipline to said employees.

34.   On information and belief, Defendant New Jersey Transit delegates to the Chief of Police of the NJTP the authority to develop, direct, and implement policies for all sworn law enforcement officers, compiled in part in the New Jersey Transit Police Standard Operating Procedures Manual, which set forth purported "guidelines" controlling the interaction between NJTP law enforcement officers (including Defendant officers) and the general public.

35.     Defendant New Jersey Transit has been placed on notice that there is a pervasive and systemic pattern, custom and practice within NJTP to use excessive force by rendering vicious beatings to members of the general public – even those who do not resist arrest, including innocent bystanders and those accused of minor criminal infractions -- and to make great efforts to use such excessive force outside the view of third-party witnesses, and frequently while the person detained is subdued, restrained, or otherwise still in handcuffs.  False police reports are rendered, and charges are pursued against the victims of these unconstitutional beatings but then later are dropped in an effort to intimidate the victims.  Finally, the investigations into such allegations of excessive force are almost always a virtual whitewash, as NJTP officers are rarely if ever punished for such conduct even when investigations reveal conduct that requires action to be undertaken against the officer(s) involved to prevent such occurrences in the future.

36.     Specifically, the notice to New Jersey Transit of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports.

37.     Thus, Defendant New Jersey Transit is also on notice of the fact a systemic and pervasive pattern and practice of excessive force exists within the NJTP and that members of the citizenry are the victims of excessive force committed by police officers of Defendant New Jersey Transit in violation of the Fourth Amendment.  Defendant New Jersey Transit police officers are allowed and indeed encouraged to commit excessive force with impunity knowing that no discipline, much less meaningful discipline, will follow for acts of excessive force.  Such illegal conduct is ratified and condoned by Defendant, New Jersey Transit.

38.     Defendant Officers are comfortable in the knowledge that any acts of excessive force that he commits will not result in discipline by Defendant New Jersey Transit even when the act of excessive force occurs within NJTP.  Thus, the lack of discipline for excessive force allowed Defendant Officers to commit excessive force against the Plaintiff because Defendant Officers knew that there would be no official reprisals for his actions against Plaintiff.

39.     Specifically, the notice to New Jersey Transit of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports.

### COUNT I – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (AGAINST DEFENDANT MILLER)

40.     Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 39 as if set forth fully herein, and further states as follows:

41.      This cause of action is brought by Plaintiff against Defendant Miller for his use of excessive force under color of law which deprived Plaintiff of his constitutionally protected rights under the Fourth Amendment to the United States Constitution.

42.     At all times material, Plaintiff had the constitutional right to be free from the use of excessive force against his person and to be free from unlawful searches and seizures.

43.     Defendant Miller violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary in violation of his rights under the Fourth Amendment to the United States Constitution.

44.     Defendant Miller, while acting in his capacity as a police officer for Defendant New Jersey Transit and under the color of law, did intentionally use excessive force by forcefully and

violently throwing the Plaintiff to the pavement and then proceeding to strike the Plaintiff in the face repeatedly, rendering him unconscious.

45.     Defendant Miller, while acting in his capacity as a police officer for Defendant New Jersey Transit and under the color of law, did intentionally engage in an unlawful search and seizure by his conduct toward the Plaintiff.

46.     As a direct and proximate result of the illegal acts of Defendant Miller, Plaintiff has in the past and will continue to receive medical treatment for the injuries sustained to his right knee.

47.     As a direct and proximate result of the illegal acts of Defendant Miller, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

48.     The acts of Defendant Miller as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a.     An award of compensatory damages;

b.     An award of punitive damages;

c.     An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d.     An award of such other and further relief the Court deems just and appropriate.

### COUNT II – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (AGAINST DEFENDANT De BIASE)

49.     Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 48 as if set forth fully herein, and further states as follows:

50.     This cause of action is brought by Plaintiff against Defendant De Biase for his use of excessive force under color of law which deprived Plaintiff of his constitutionally protected rights under the Fourth Amendment to the United States Constitution.

51.     At all times material, Plaintiff had the constitutional right to be free from the use of excessive force against his person and to be free from unlawful searches and seizures.

52.     Defendant De Biase violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary in violation of his rights under the Fourth Amendment to the United States Constitution.

53.     Defendant De Biase, while acting in his capacity as a police officer for Defendant New Jersey Transit and under the color of law, did intentionally use excessive force by forcefully and violently throwing the Plaintiff to the pavement and then proceeding to strike the Plaintiff in the face repeatedly, rendering him unconscious.

54.     Defendant De Biase, while acting in his capacity as a police officer for Defendant New Jersey Transit and under the color of law, did intentionally engage in an unlawful search and seizure by his conduct toward the Plaintiff.

55.     As a direct and proximate result of the illegal acts of Defendant De Biase, Plaintiff has in the past and will continue into the future receive medical treatment for the injuries sustained to his right knee.

56.     As a direct and proximate result of the illegal acts of Defendant De Biase, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

57.     The acts of Defendant De Biase as set forth above were intentional, wanton,

malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a.      An award of compensatory damages;

b.      An award of punitive damages;

c.      An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d.      An award of such other and further relief the Court deems just and appropriate.

## COUNT III – 42 U.S.C. § 1983 – EXCESSIVE FORCE
## (AGAINST DEFENDANT FERMIN)

58.      Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 57 as if set forth fully herein, and further states as follows:

59.      This cause of action is brought by Plaintiff against Defendant Fermin for his use of excessive force under color of law which deprived Plaintiff of his constitutionally protected rights under the Fourth Amendment to the United States Constitution.

60.      At all times material, Plaintiff had the constitutional right to be free from the use of excessive force against his person and to be free from unlawful searches and seizures.

61.      Defendant Fermin violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary in violation of his rights under the Fourth Amendment to the United States Constitution.

62.      Defendant Fermin, while acting in his capacity as a sheriff's officer for Defendant New Jersey Transit and under the color of law, did intentionally use excessive force by forcefully and violently throwing the Plaintiff to the pavement and then proceeding to strike the Plaintiff in the face repeatedly, rendering him unconscious.

63.     Defendant Fermin, while acting in his capacity as a sheriff's officer for Defendant New Jersey Transit and under the color of law, did intentionally engage in an unlawful search and seizure by his conduct toward the Plaintiff.

64.     As a direct and proximate result of the illegal acts of Defendant Fermin, Plaintiff has in the past and will continue into the future receive medical treatment for the injuries sustained to his right knee.

65.     As a direct and proximate result of the illegal acts of Defendant Fermin, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

66.     The acts of Defendant Fermin as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a.     An award of compensatory damages;

b.     An award of punitive damages;

c.     An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d.     An award of such other and further relief the Court deems just and appropriate.

### COUNT IV – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (AGAINST DEFENDANT CITY)

67.     Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 66 as if set forth fully herein, and further states as follows:

68.     This cause of action is brought by Plaintiff against Defendant New Jersey Transit for deprivation by its agent, servant, and employee, namely Defendant Officers, of constitutional rights

within the meaning of 42 U.S.C. § 1983 in violation of the Fourth Amendment to the United States Constitution.

69.     Defendant Officers were acting under the color of law, as authorized agents of Defendant City, while arresting Plaintiff in the furtherance of his duties.

70.     The constitutional deprivation was caused by Defendant New Jersey Transit's numerous areas of deliberate indifference.

71.     Moreover, at all times material hereto, Defendant New Jersey Transit was responsible for implementing the rules and regulations in regard to hiring, retaining, screening, training, supervising, controlling, disciplining and assigning NJTP police officers to their duties in the City of Newark.

72.     Defendant City was deliberately indifferent in that it either expressly or impliedly acknowledged and assented to the failure to hire, retain, screen, train, supervise, control, discipline, and otherwise assign employees of Defendant working as NJTP officers, including but not limited to Defendant Officers, for dangerous propensities, lack of training and skill, and other identifiable characteristics making said NJTP officers unfit to perform their lawful duties.

73.     Defendant New Jersey Transit was deliberately indifferent to the rights of the public, including the Plaintiff, in that it failed to determine whether members of the NJTP, including Defendant Officers, posed a threat to the public as a result of their propensity to commit unlawful acts and to engage in violent activity, including acts of excessive force.

74.     Defendant New Jersey Transit, through its deliberate indifference, failed to ensure that NJTP officers, including Defendants Officers, did not violate the constitutional and statutory rights of citizens of the State of New Jersey, including the Plaintiff, while said NJTO officers were acting

under color of state law for Defendant New Jersey Transit.

75.     The deliberate indifference of Defendant New Jersey Transit exhibited a reckless, wanton, and callous disregard for the rights of persons, including the Plaintiff, who might be brutally assaulted, injured, battered or otherwise maimed for life by NJTP officers, including Defendants Officers, who were inadequately trained, supervised, and disciplined.

76.     Defendant New Jersey Transit was deliberately indifferent in the selection, retaining, training, and supervising of Defendant Officers, as NJTP officers in that Defendant New Jersey Transit: (a) hired and retained Defendants when Defendant New Jersey Tranist  knew, or in the exercise of reasonable care should have known, of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; (b) failed to remove Defendants from their position of authority as NJTP officer despite the fact it knew or should have known of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; (c) failed to take any meaningful disciplinary action against Defendants despite the fact it knew or should have known of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; and (d) failed to protect members of the general public, including the Plaintiff, despite the fact it knew or should have known of the disposition of Defendants to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein.

77.     Additionally, the cited misconduct represents a pattern, custom and practice in which members of the public were savagely beaten, injured, and otherwise endangered by the intentional and reckless misconduct of NJTP officers, and that deliberate indifference was widespread as to the

use of excessive force, illegal behavior, and widespread incompetence throughout Defendant New Jersey Transit including the NJTP. This pattern, custom, and practice includes not only the failure to identify and discipline the unlawful and excessive use of force and seizures by NJTP personnel, but additionally, the failure to re-train, supervise, or otherwise remove NJTP officers who engage in such unlawful conduct as the de facto policy and custom of Defendant New Jersey Transit to tolerate, encourage, and even protect such acts by NJTP officers.

78.     The deliberate indifference of Defendant New Jersey Transit violated the constitutional rights of its citizenry, including the Plaintiff, for which 42 U.S.C. § 1983 provides the appropriate remedies as requested herein.

79.     As a direct and proximate result of the illegal acts of Defendant Officers, while Defendants were an agent, servant, and employee of Defendant New Jersey Transit, and the unconstitutional policies, customs and practices of Defendant New Jersey Transit, Plaintiff has been damaged, including but not limited to physical injuries as well as emotional distress which were caused, activated or otherwise aggravated by the subject incident, and Plaintiff shall incur further medical losses and impairments in the future as a direct and proximate result of the illegal acts of Defendant Officers.

80.     As a direct and proximate result of the illegal acts of Defendant Officers, while Defendants were an agent, servant, and employee of Defendant New Jersey Transit, and the unconstitutional policies, customs and practices of Defendant New Jersey Transit, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands the following relief against Defendant New Jersey Transit:

a.      An award of compensatory damages;

b.      An award of punitive damages;

c.      An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d.      An award of such other and further relief the Court deems just and appropriate.

## COUNT V – 42 U.S.C. § 1985 – CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (AGAINST ALL DEFENDANTS)

81.     Plaintiff, Michael Rivera, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 80 as if set forth fully herein, and further states as follows:

82.     The acts of Defendant Officers as well as Defendants New Jersey Transit and NJTP constitute a violation of the Civil Rights Act, 42 U.S.C. § 1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race, and maliciously prosecuting Plaintiff without cause.

83.     As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe physical and emotional distress and mental anguish as well as deprivation of rights under the Civil Rights laws.

## COUNT VI – STATE TORT OF BATTERY
### (AGAINST DEFENDANT OFFICERS)

94.     Plaintiff re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 84 as if set forth fully herein, and further states as follows

95.     Plaintiff was arrested by Defendant Officers who did unlawfully batter, touch, and strike Plaintiff without his consent and against his will.

96.     As a direct and proximate result of said acts of Defendant Officers, Plaintiff has been

damaged, including but not limited to permanent physical injuries which were caused, activated or otherwise aggravated by the subject incident.

97.     As a direct and proximate result of said acts of Defendant Officers, Plaintiff has undergone painful and extensive medical care and treatment; and has incurred medical bills and expenses attendant to his aforesaid injuries.

98.     As a direct and proximate result of said acts of Defendant Officers, Plaintiff has in the past and will in the future suffer great pain and suffering, both physical and mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a.     An award of compensatory damages;

b.     An award of punitive damages;

c.     An award of attorneys' fees and costs; and

d.     An award of such other and further relief the Court deems just and appropriate.

## COUNT VII – STATE TORT OF BATTERY
### (AGAINST DEFENDANT CITY)

99.     Plaintiff, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 98 as if set forth fully herein, and further states as follows

100.     Plaintiff was arrested by Defendants Officers who did unlawfully batter, touch, and strike Plaintiff without his consent and against his will.

101.     Defendants Officers were acting in the course and scope of their duties as an agent, servant, and employee of Defendant New Jersey Transit.

102.     As a direct and proximate result of said acts of Defendants Officers for which

Defendant New Jersey Transit is responsible, Plaintiff has been damaged, including but not limited to permanent physical injuries which were caused, activated or otherwise aggravated by the subject incident.

103.    As a direct and proximate result of said acts of Defendants Officers , for which Defendant New Jersey Transit is responsible, Plaintiff has undergone painful and extensive medical care and treatment; and has incurred medical bills and expenses attendant to his aforesaid injuries.

104.    As a direct and proximate result of said acts of Defendant Officers, for which Defendant New Jersey Transit is responsible, Plaintiff has in the past and will in the future suffer great pain and suffering, both physical and mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff demands the following relief against Defendant:

a.    An award of compensatory damages;

b.    An award of punitive damages;

c.    An award of attorneys' fees and costs; and

d.    An award of such other and further relief the Court deems just and appropriate

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief and judgment against the Defendants, including but not limited to:

105.    An award of compensatory damages and punitive damages against Defendants; for his personal injuries; pain and suffering; past, present and future medical expenses; mental anguish; loss

of earning capacity; and loss of capacity to enjoy life; as well as his costs, and all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable under the law.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

/s/ Brooke M. Barnett
Brooke M. Barnett, Esq.
Attorney for Plaintiff Michael Rivera

Dated: <u>10/05/2016</u>

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on August 29, 2016, we electronically filed the foregoing with the Clerk of the Court using CM/ECF. We also certify that the foregoing document will be served on all parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted

By: <u>/s/ Brooke M. Barnett, Esq.</u>

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Rivera

## DEFENDANTS
City of Newark, et al.

(b) County of Residence of First Listed Plaintiff   Essex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Essex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Brooke M. Barnett & Associates, P.C. (973) 693-4444
60 Park Place, Suite 1000, Newark, NJ 07102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District (specify) | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. section 1983, 1988
Brief description of cause:
violations of fourth amendment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   10/05/2016

SIGNATURE OF ATTORNEY OF RECORD   /s/ Brooke Barnett

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 08/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.