<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

MICHAEL RIVERA,

              Plaintiff,

v.

NEW JERSEY TRANSIT et al.,

              Defendants.

_____

Civil Action No. 2:16-cv-05308-SDW-LDW

**OPINION**

April 7, 2017

**WIGENTON**, District Judge.

Before this Court is the Motion to Dismiss of Defendants New Jersey Transit, New Jersey Transit Police Department (collectively, "NJT"),[1] and New Jersey Transit Police Officer D. Miller, as well as the Motion to Dismiss of Defendants New Jersey Transit Police Officer DeBiase and New Jersey Transit Police Officer Fermin, (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] [3]  This Court, having considered the parties' submissions, decides

---

[1] Although the Second Amended Complaint refers, at times, to New Jersey Transit and the New Jersey Transit Police Department as separate defendants, the parties treat them as a single entity in their briefs.  As the New Jersey Transit Police Department is a statutorily created arm of the New Jersey Transit Corporation, this Court treats New Jersey Transit and the New Jersey Transit Police Department as one entity for the purposes of this Opinion. *See* N.J. Stat. Ann. ("N.J.S.A.") § 27:25-15.1 ("There is established in the New Jersey Transit Corporation a New Jersey Transit Police Department . . . .").

[2] Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

[3] To the extent NJT's Motion to Dismiss argues for dismissal of claims against NJT on the basis of sovereign immunity, the Motion is actually a Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 694 n. 2 (3d Cir. 1996).

1

this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, Defendants' Motions are **GRANTED**.

## I.  FACTUAL HISTORY

According to the Second Amended Complaint, on or about August 29, 2014, Defendants Miller, DeBiase, and Fermin (the "Officer Defendants") confronted Plaintiff Michael Rivera ("Plaintiff") as he stood alone at the Raymond West Plaza of Newark Pennsylvania Station.  (2d Am. Compl. ¶¶ 15-17.)  Upon confronting Plaintiff, the Officer Defendants began asking Plaintiff questions regarding an anonymous call they had previously received. (*Id*. ¶ 17.) The call reported that "a black female traveling with a male subject with an infant in a stroller punched a toddler in the face several times on Raymond West Plaza." (*Id*.)  Plaintiff cooperated with the Defendant Officers' questioning. (*Id*. ¶ 18.)  However, at some point Plaintiff's wife, who had been in a restroom, returned and provided the Defendant Officers with her identification. (*Id*. ¶¶ 18-19.)  The Defendant Officers then asked Plaintiff for his identification. (*Id*. ¶ 19.)  In response, Plaintiff asked why the Officer Defendants needed his identification. (*Id*. ¶ 20.)  The Defendant Officers, in turn, threw Plaintiff to the ground, yelled that Plaintiff was under arrest, and "brutally beat[ ]" him until he lost consciousness. (*Id.* ¶¶ 21-23.)

After his arrest, Plaintiff was charged with obstruction, resisting arrest, and disorderly conduct. (*Id*. ¶¶ 23-24.)  However, Plaintiff was subsequently exonerated after a trial. (*Id*. ¶ 32.) According to Plaintiff, his arrest, which was for crimes he did not commit, was part of a "pervasive and systematic pattern, custom and practice within [the New Jersey Transit Police Department of using] excessive force by rendering vicious beatings to members of the general public . . . ." (*Id*. ¶ 35.)

## II.    PROCEDURAL HISTORY

The Second Amended Complaint in this matter, which Plaintiff filed on October 5, 2016 (Dkt. No. 6.), seeks damages, costs, and fees from Defendants for battery as well as for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. (*See generally* 2d Am. Compl.)   Specifically, Counts I to IV allege Defendants Miller, DeBiase, Fermin, and NJT; respectively, violated 42 U.S.C. § 1983.[4] (*Id*. ¶¶ 40-80.)   Count V alleges Defendants violated 42 U.S.C. § 1985(3). (*Id*. ¶¶ 81-83.)   Finally, Count VI alleges the Officer Defendants are liable for battery and Count VII alleges NJT is liable for battery. (*Id*. ¶¶ 94-104.)

On October 26, 2016, Defendants NJT and Miller filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 7 ("NJT Br. Supp.").)  That Motion argues for dismissal of Counts IV, V, and VII.  On November 17, 2016, Defendants Fermin and DeBiase filed a Motion to Dismiss Plaintiff's Second Amended Complaint, also pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 10 ("Fermin Br. Supp.").)  That Motion argues for dismissal of Count V only.  Plaintiff filed a brief in opposition on November 7, 2016, (Dkt. No. 8), and Defendants NJT and Miller filed a brief in reply on November 14, 2016. (Dkt. No. 9.)

---

[4] Although Count IV is titled "Excessive Force Against Defendant City," it appears that Plaintiff intended to refer to NJT instead of "City" in Count IV and in several other instances throughout the Second Amended Complaint.  This Court, therefore, treats the Second Amended Complaint's references to "City" as references to "NJT."

III.     **LEGAL STANDARD**

    **A.  Federal Rule of Civil Procedure 12(b)(1)**

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually.  *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law . . . ." *Id*. at 358.  In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.*  Drawing this distinction is important because it "determines how the pleading must be reviewed."  *Id*. at 357-58 (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).  In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto . . . ." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron*, 678 F.3d at 243).  Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348.  Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12-4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Sav. ¶ Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).

**B.  Federal Rule of Civil Procedure 12(b)(6)**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

5

## IV.    DISCUSSION

### A.    Count IV, Count V (as it applies to NJT), and Count VII

NJT argues in its Motion that it is entitled to immunity from suit in this Court pursuant to the Eleventh Amendment.  (*See* NJT Br. Supp. at 6-23.)  Therefore, this Court first considers whether NJT is entitled to sovereign immunity under the Eleventh Amendment and, if so, whether there is an applicable exception which would terminate NJT's immunity regarding Counts IV, V, or VII.

In addition, this Court considers whether NJT is a "person" subject to potential liability under 42 U.S.C. §§ 1983 and 1985.

### a.    *NJT Is Entitled to Immunity Under the Eleventh Amendment*

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Although these terms provide states with immunity from private claims in federal court by citizens of other states, the Supreme Court has held that the Eleventh Amendment also provides immunity for states from claims by their own citizens.  *See Pennhurst States Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  In addition, Eleventh Amendment immunity extends to entities, such as state departments and agencies, in cases where the "state is the real party in interest," because the entity is an arm of the state. *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (1989) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007) (first citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); then citing *Pennhurst State Sch. & Hosp.,* 465 U.S. at 101).

In order to determine whether a defendant-entity in a particular federal case is an arm of the state such that the state is the real party in interest, courts apply the three-factor test outlined in *Fitchik*, 873 F.2d at 659. The three-factor test requires the court to determine: "(1) Whether the money that would pay the judgment would come from the state . . . ; (2) The status of the agency under state law . . . ; and (3) What degree of autonomy the agency has." *Id.*

In *Fitchik*, the Third Circuit determined that NJT was not entitled to immunity under the Eleventh Amendment. *Id.* at 644. However, in reaching this conclusion, the Third Circuit gave primacy to the first *Fitchik* factor (whether the state would pay a judgment against NJT). *Id.* at 659-60; *see also id.* at 664 ("The majority reaches this result by relying, in essence, only on its analysis of . . . the impact of a judgment against [NJT] on the treasury of the State of New Jersey.") (Rossen, J., dissenting). The Third Circuit subsequently determined in *Benn v. First Judicial Dist. Of Pa.*, that this approach was no longer appropriate after the Supreme Court's holding in *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425 (1997). 426 F.3d 233, 239 (3d Cir. 2005). In other words, courts "can no longer ascribe primacy to the first [*Fitchik*] factor." *Id.* The reason for "[this] relegation of financial liability to the status of one factor co-equal with others in the immunity analysis" is the underlying purpose of Eleventh Amendment sovereign immunity:

> [w]hile state sovereign immunity serves the important function of shielding state treasuries . . . the doctrine's central purpose is to accord the States the respect owed them as joint sovereigns . . . . [and to] protect[] against the indignity of any kind of suit whatsoever.

*Id.* at 240 (first citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002); then citing *Hampe v. Butler*, 364 F.3d 90, 97 (3d Cir. 2004)) (internal quotation marks omitted).

As the Third Circuit has not reconsidered its holding regarding NJT since issuing its decision in *Fitchik*, this Court must determine whether NJT is an arm of the state when the *Fitchik* factors are given equal consideration.

In *Fitchik*, the Third Circuit found that the first *Fitchik* factor (whether the state would pay a judgment against the entity) weighed against NJT being immune under the Eleventh Amendment, but that the second and third factors (the entity's status under state law and its degree of autonomy, respectively) weighed in favor of immunity. *See Fitchik*, 873 F.2d at 664. Specifically, the *Fitchik* Court found that the funding factor weighed against NJT being entitled to immunity because, *inter alia*, NJT is self-insured, NJT can borrow funds, and "NJT's money does *not* come predominantly from the state." *Id.* at 660.  However, in more recent decisions, the Third Circuit has held that Eleventh Amendment immunity applies when only two of the three *Fitchik* factors weigh in favor of immunity. *See Benn*, 426 F.3d at 240-41 (holding that the First Judicial District of Pennsylvania was entitled to immunity even though it was "locally funded"); *Bowers*, 475 F.3d at 549 (holding that the University of Iowa was entitled to immunity even though the "State of Iowa [was] not obligated to pay a judgment against the University.").

In this instance, the second and third *Fitchik* factors weigh in favor of NJT being entitled to immunity as an arm of the state.  Specifically, New Jersey state law indicates that NJT is "an instrumentality of the State." N.J.S.A. § 27:25-4.  New Jersey courts also have repeatedly held that NJT is a "state agency."  *See, e.g.*, *N.J. Transit PBA Local 304 v. N.J. Transit Corp.*, 675 A.2d 1180, 1181 (N.J. Super. Ct. App. Div. 1996), *aff'd*, 701 A.2d 1243 (1997) ("Defendant [NJT] is a state agency responsible for operating and improving public transportation in New Jersey."); *see also Davis v. N.J. Transit*, No. A-4901-10T1, 2012 WL 3192716, at *3 (N.J. Super. Ct. App. Div. Aug. 8, 2012) ("NJT is 'a surrogate of the State . . . .'" (quoting *GEOD Corp. v. N.J. Transit Corp.*, 678 F. Supp. 2d 276, 288 (D.N.J. 2009))).  Furthermore, NJT lacks autonomy from the state because, in addition to other factors, the Governor has veto power over all NJT Board decisions under N.J.S.A. § 27:25-4.

Moreover, since the Third Circuit's holding in *Fitchik*, this Court has repeatedly found that NJT is a surrogate of, and lacks autonomy from, the state. *See GEOD Corp.*, 678 F. Supp. 2d at 287-88; *Joseph v. N.J. Transit Rail Operations, Inc.*, No. CIV.A. 12-1600, 2013 WL 5676690, at *14 (D.N.J. Oct. 17, 2013), *aff'd*, 586 F. App'x 890 (3d Cir. 2014); *Mancini v. N.J. Transit Corp.*, No. 12-CV-5753, 2013 WL 2460342, at *2 (D.N.J. June 5, 2013).[5] In fact, in *Henry v. Jersey City Police Dep't.*, this Court held that NJT is entitled to immunity under the Eleventh Amendment because two of the three *Fitchik* factors weigh in that direction. No. 214CV05480(SDW)(LDW), 2016 WL 1586875 (D.N.J. Apr. 20, 2016); *see also Karns v. Shanahan*, 2016 U.S. Dist. LEXIS 45402, *14 (D.N.J. Mar. 31, 2016) (holding that NJT is entitled to Eleventh Amendment immunity).

In light of both the Third Circuit's holding in *Benn* that the *Fitchik* factors must be given equal consideration, and the fact that two of the three *Fitchik* factors weigh in favor of Eleventh Amendment immunity for NJT, this Court finds that NJT is an arm of the state of New Jersey entitled to Eleventh Amendment immunity.

As NJT is entitled to immunity under the Eleventh Amendment, this Court lacks subject-matter jurisdiction over all of Plaintiff's claims against NJT to the extent that immunity has not been waived or abrogated. Immunity may only be waived or abrogated if either the state "unequivocally express[ed] consent to suit in federal court," *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (citing *Pennhurst*, 465 U.S. at 99); or, if Congress "(1) unequivocally express[ed] its intent to abrogate that immunity; and (2) act[ed] pursuant to a valid grant of

---

[5] This Court notes that the cited cases determined that NJT is a surrogate of, and lacks autonomy from, the State of New Jersey in the context of an "analytically distinct" analysis, i.e., determining whether NJT is a "person" under 42 U.S.C. § 1983. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014). Therefore, this Court relies on those cases in its immunity analysis only for their recognition of NJT's status under state law and NJT's lack of autonomy, but not for their ultimate conclusion that NJT is an arm of the state.

constitutional authority." *Bowers*, 475 F.3d at 550.  As discussed below, the state has not waived immunity and Congress has not abrogated it regarding any of Plaintiff's claims against NJT.

Counts IV and V of the Second Amended Complaint allege NJT is liable under 42 U.S.C. §§ 1983 and 1985(3). (2d Am. Compl. ¶¶ 67-83.)  However, the state has not waived, and Congress has not abrogated, the state's immunity regarding claims under either of these statutes.  *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity); *Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) ("Section 1983 does not abrogate states' immunity . . . ."); *Collins v. Sload*, 212 F. App'x 136, 140 n.5 (3d Cir. 2007) ("[T]he Eleventh Amendment barred the suit under [§§ 1983 and 1985] . . . ."); *Owens v. Armstrong*, No. CV 15-4911, 2016 WL 1117945, at *6 (D.N.J. Mar. 22, 2016) ("Congress did not expressly abrogate sovereign immunity when it passed §§ 1983 and 1985 . . . .").  For that reason, Plaintiff's claims against NJT under 42 U.S.C. §§ 1983 and 1985 are dismissed.

In addition, Plaintiff has provided this Court with no basis to find that it has subject-matter jurisdiction over Plaintiff's battery claim against NJT in Count VII. (2d Am. Compl. ¶¶ 99-104.) Specifically, the New Jersey Tort Claims Act "does not expressly consent to suit in federal courts and thus is not an Eleventh Amendment waiver."  *Hyatt*, 340 F. App'x at 837 (citing N.J.S.A. § 59:2-2(a)).  Accordingly, Count VII is also barred by NJT's sovereign immunity.

> **b.      *NJT Is Not a "Person" Potentially Liable Under 42 U.S.C. §§ 1983 and 1985***

Even if NJT was not entitled to immunity under the Eleventh Amendment, Plaintiff's 42 U.S.C. §§ 1983 and 1985(3) claims against NJT would still fail because NJT is not a "person" under §§ 1983 and 1985.  Section 1983 states in relevant part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).  In *Will v. Mich. Dep't of State Police*, the Supreme Court

held that a state is not a "person" potentially liable under 42 U.S.C. § 1983. 491 U.S. 58, 64 (1989).

In order to determine whether an entity is an arm of the state such that it is also not a person within

the meaning of § 1983, the Third Circuit applies the *Fitchik* factors. *See Callahan v. City of*

*Philadelphia*, 207 F.3d 668, 670 (3d Cir. 2000).  As this Court discussed above, NJT is an entity

of the state of New Jersey for purposes of the Eleventh Amendment. *See Karns*, 2016 U.S. Dist.

LEXIS 45402, at *14 (holding that NJT is entitled to Eleventh Amendment immunity).  While

recognizing that the Eleventh Amendment and § 1983 determinations are analytically distinct, this

Court finds that two of the three *Fitchik* factors weigh in favor of NJT being an arm of the state.

Therefore, NJT is not a "person" within the meaning of 42 U.S.C. § 1983. *See, e.g.*, *Joseph*, 2013

WL 5676690, at *14 (holding that NJT is not a person under § 1983). Moreover, insofar as NJT is

not a person under § 1983, it is also not a person potentially liable under § 1985.  *See Estate of*

*Lagano*, 769 F.3d at 854. Therefore, even if NJT was not entitled to sovereign immunity, dismissal

of Plaintiff's §§ 1983 and 1985 claims against NJT would still be appropriate.

###    B.      Count V

In Count V of the Second Amended Complaint, Plaintiff alleges Defendants acted in

violation of 42 U.S.C. § 1985.[6]  In order to state such a claim, a plaintiff must allege: (1) a

---

[6] 42 U.S.C. § 1985 provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of
> depriving, either directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under the laws ... in
> any case of conspiracy set forth in this section, if one or more persons engaged
> therein do, or cause to be done, any act in furtherance of the object of such
> conspiracy, whereby another is injured in his person or property, or deprived of

conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citing *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).  Section 1985(3) actions are limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Lake*, 112 F.3d at 685 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Plaintiff's Section 1985 claim states that Defendants conspired to violate Plaintiff's "civil rights based on his race, and maliciously prosecuting [sic] Plaintiff without cause." (2d Am. Compl. ¶ 82.)  However, Plaintiff's Second Amended Complaint neither indicates Plaintiff's race nor whether he is a member of a protected class. *See McArdle v. Hufnagel*, 588 F. App'x 118, 121 (3d Cir. 2014) (holding that a plaintiff's "failure to allege his membership in a protected class . . . [is a] proper basis" on which to dismiss a § 1985 claim.)  Furthermore, although Plaintiff alleges that the Officer Defendants acted in concert to arrest him, he fails to allege "specific facts supporting the inference that [Defendants] 'had an understanding or agreement to conspire against [him].'" *Morton v. Arnold*, 618 F. App'x 136, 142–43 (3d Cir. 2015) (quoting *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 205 (3d Cir. 2008)).  Although it is theoretically possible, in light of the factual allegations in the Second Amended Complaint, that the Officer

---

having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

Defendants conspired to violate Plaintiff's constitutional rights because of his membership in a protected class, Plaintiff failed to plausibly allege the existence of an "agreement and concerted action" between Defendants. *See Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 76 (3d Cir. 2013) (quoting *Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (internal quotation marks omitted)). Accordingly, Count V is dismissed.

## V.   CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. Specifically, Counts IV and VII are dismissed with prejudice. Count V is dismissed with prejudice as it applies to NJT and is dismissed without prejudice as it applies to the Officer Defendants. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:     Clerk
cc:        Magistrate Judge Leda D. Wettre
            Parties